

Presented to the Court by the foreman of the Grand Jury in open Court, in the presence of the Grand Jury and FILED in the U.S. DISTRICT COURT at Seattle, Washington.

JANUARY 11 2012
WILLIAM M. McCOOL, Clerk
By ______ Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHANG YOUNG KIM, a/k/a Steve Kim,
YEUN JEONG MUN,
MIYOUNG ROBERTS,
JUNG SAN SO,
SUNG HEE HAN,
HEE JAE CHO,
RAYMOND JUNG, and
KWANG FRANK LEE,

Defendants.

NO. CR12-5004 RBL

INDICTMENT

THE GRAND JURY CHARGES THAT:

**COUNT 1**

**(Conspiracy to Transport Individuals in Furtherance of Prostitution)**

During in or before 2008, and continuing through and including January 11, 2012, in the Western District of Washington, and elsewhere, CHANG YOUNG KIM, YEUN JEONG MUN, MIYOUNG ROBERTS, JUNG SAN SO, SUNG HEE HAN, HEE JAE CHO, and other persons known and unknown, knowingly and intentionally did conspire to:

a. Transport individuals in interstate and foreign commerce, with intent that such individuals engage in prostitution and in sexual activity for which a person can be charged with a criminal offense, in violation of Title 18, United States Code, Section 2421; and,



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

b. Persuade, induce, entice, and coerce individuals to travel in interstate and foreign commerce, to engage in prostitution and in sexual activity for which a person can be charged with a criminal offense, in violation of Title 18, United States Code, Section 2422(a).

A. Object of the Conspiracy

It was an object of the conspiracy to profit financially from the interstate prostitution activities of Korean women and the employment of Korean women who did not have authorization to legally work in the United States.

B. Manner and Means of the Conspiracy

1. It was part of the conspiracy that members of the conspiracy arranged for the transportation of women from South Korea to and within the United States for the purpose of prostitution.

2. It was part of the conspiracy that members of the conspiracy employed the Korean women to work illegally in the United States at a Korean room salon and bar business known as The Blue Moon, formerly known as The Tomato, located at 31140 Pacific Highway South #B, in Federal Way, Washington.

3. It was part of the conspiracy that members of the conspiracy used The Blue Moon to introduce male clients to the Korean women to promote acts of prostitution.

4. It was further part of the conspiracy that members of the conspiracy facilitated and arranged for the Korean women to engage in acts of prostitution with clients of The Blue Moon.

C. Overt Acts

During and in furtherance of the conspiracy, one or more of the conspirators committed one or more of the following overt acts in the Western District of Washington:

1. HEE JAE CHO managed The Tomato, also known as The Blue Moon, from approximately October 2008 to April 2010.

2. MIYOUNG ROBERTS began working for HEE JAE CHO at The Blue Moon (then known as The Tomato) in approximately March 2009.

3. On or about December 22, 2009, Washington State Liquor Control



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Board (WSLCB) Officers contacted five female employees of Korean nationality at The Blue Moon. None of them had authorization by United States immigration officials to work or otherwise be employed in the United States.

4. During 2010, HEE JAE CHO, YEUN JEUNG MUN, and MIYOUNG ROBERTS, managed a house located at 3808 South 335th Place in Federal Way, Washington, where The Blue Moon female employees lived.

5. From approximately May 2010 to February 2011, MIYOUNG ROBERTS purchased airfare for twelve women to travel from Korea to the United States to work at The Blue Moon.

6. On October 28, 2010, HEE JAE CHO was alerted that the Liquor Control Board would be conducting a site inspection at The Blue Moon. HEE JAE CHO took three of The Blue Moon female employees away from The Blue Moon to a residence located at 3808 South 335th Place, Federal Way, Washington, to prevent the Liquor Control Board inspectors from identifying the employees.

7. On or about July 8, 2011, CHANG YOUNG KIM told a WSLCB officer acting in an undercover capacity (WSLCB UC), "Since opening last year, first three to four months we made good money with having ten girls, in fact we made around $20,000 to $30,000 per month profit . . . . All you need is girls, they will make your business and if they make big money for themselves, they won't go anywhere else."

8. On or about September 1, 2011, CHANG YOUNG KIM and MIYOUNG ROBERTS met with the WSLCB UC and a Homeland Security Officer acting in an undercover capacity (HSI UC) at The Blue Moon. During this meeting KIM and ROBERTS told the WSLCB UC and HSI UC that the women employees of The Blue Moon had been directed to have sex with clients for a fee.

9. During November and December 2011, MIYOUNG ROBERTS arranged for the international travel of three women of Korean nationality to fly from Korea to the United States for the purpose of employment at The Blue Moon.

10. In November 2011, MIYOUNG ROBERTS paid for an air ticket for a



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Korean woman, AJ, to travel from Los Angeles, California, to Seattle, Washington, for the purpose of working at The Blue Moon.

11. On November 30, 2011, JUNG SAN SO picked up AJ from Sea-Tac International Airport and drove AJ from the airport to The Blue Moon. Upon arrival at The Blue Moon, AJ met with JUNG SAN SO, CHANG YOUNG KIM, and YEUN JEONG MUN.

12. On December 14, 2011, SUNG HEE HAN arranged for AJ, a Blue Moon employee, to engage in sexual intercourse with an undercover agent in exchange for $1,000.

13. On December 16, 2011, CHANG YOUNG KIM and YEUN JEONG MUN discussed having two of The Blue Moon employees going on "second round," referring to off-site dates with clients. KIM and MUN referred to the employees from Korea as women who "specialize" in second round, specifically prostitution, and that the 'madam' should require the employees to go on second round.

14. During December 2011, MIYOUNG ROBERTS hired a Korean woman, SMK, to work at The Blue Moon, and paid for a ticket for air travel for SMK. On or about December 23, 2011, SMK traveled on Virgin America Flight 1795 from Los Angeles to Seattle, Washington.

15. The Overt Acts alleged in Counts 2 and 4 below are hereby incorporated as though fully restated.

All in violation of Title 18, United States Code, Sections 371, 2421, 2422(a)(1).

**COUNT 2**

**(Conspiracy to Commit Immigration Fraud)**

During 2010 and continuing through on or about January 11, 2012, within the Western District of Washington, and elsewhere, CHANG YOUNG KIM, YEUN JEONG MUN, MIYOUNG ROBERTS, and others known and unknown, knowingly conspired to possess, obtain, and receive any document prescribed by statute and regulation for entry into the United States as evidence of authorized stay, knowing that such documents were



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

procured by means of false claims and statements, and otherwise procured by fraud and unlawfully obtained, in violation of Title 18, United States Code, Section 1546(a).

A. Object of Conspiracy

It was the object of the conspiracy to profit financially from recruiting, persuading, inducing, coercing, and assisting Korean nationals to seek authorization to enter the United States by falsely representing to the United States Department of State and the United States Customs and Border Protection that the Korean nationals were entering and coming to the United States as tourists or students, when in truth and fact, the Korean nationals were entering and coming to the United States for employment at The Blue Moon.

B. Manner and Means of the Conspiracy

1. It was part of the conspiracy that other members of the conspiracy advertised on Korean websites and newspapers to recruit Korean nationals to seek employment at The Blue Moon, a Korean room salon and bar business located in Federal Way, Washington.

2. It was further part of the conspiracy that members of the conspiracy told the Korean nationals to seek entry into the United States as a tourist, pursuant to the visa-waiver program.

3. It was further part of the conspiracy that members of the conspiracy told the Korean nationals to conceal and deny to United States immigration officials their intent to work or otherwise be employed within the United States.

4. It was further part of the conspiracy that other members of the conspiracy facilitated, arranged, and otherwise assisted with the travel of Korean nationals from Korea to the United States for the purpose of employment at The Blue Moon.

5. It was further part of the conspiracy that members of the conspiracy offered to pay, and did pay, an advance of thousands of dollars to the Korean nationals to entice, persuade, and coerce the Korean nationals to travel to the United States for employment.



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

C. Overt Acts

During and in furtherance of the conspiracy, one or more of the conspirators committed one or more of the following overt acts, among others, within the Western District of Washington:

6. In May 2010, YEUN JEONG MUN hired a South Korean woman, JHL, to work at The Blue Moon. JHL traveled on or about May 12, 2010, from Seoul, Korea, to Seattle, Washington. JHL was not authorized to work in the United States.

7. In September 2010, YEUN JEONG MUN hired a South Korean woman, HKL, to work at The Blue Moon. HKL traveled on or about September 6, 2010, from Narita, Japan, to Seattle, Washington. HKL was not authorized to work in the United States.

8. On or about December 20, 2010, CHANG YOUNG KIM confided in the WSLCB UC that he and YEUN JEONG MUN had arranged for a Korean national woman (JLJ) to travel from South Korea to the State of Washington to work at The Blue Moon. However, the woman, JLJ, had been stopped by Customs inspectors at SeaTac International Airport. CHANG YOUNG KIM explained that YEUN JEONG MUN and JLJ had concocted a story that JLJ was coming to Washington to visit her uncle, when in fact, JLJ was coming to the United States to work for KIM. However, Customs inspectors denied entry to JLJ. CHANG YOUNG KIM expressed frustration to the WSLCB UC that he and YEUN JEONG MUN were having trouble getting the Korean women that they had hired to enter the United States.

9. In May 2011, MIYOUNG ROBERTS hired a South Korean woman, AL, to work at The Blue Moon. On or about May 28, 2011, AL traveled from Narita, Japan, to Portland, Oregon. AL was not authorized to work in the United States.

10. On or about November 24, 2011, MIYOUNG ROBERTS coached a Korean national, YJ, whom ROBERTS was recruiting to work at The Blue Moon, to lie to immigration officials when entering through the international airport in Portland, Oregon. MIYOUNG ROBERTS instructed YJ to lie to immigration officials and claim that YJ was



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

coming to the United States to visit relatives, and to be prepared to show that YJ had an occupation in Korea.

11. In November 2011, MIYOUNG ROBERTS hired YC, a Korean national, to work at The Blue Moon. On or about December 2, 2011, YC traveled from Narita, Japan, to Portland, Oregon. YC was not authorized for employment in the United States.

12. In December 2011, MIYOUNG ROBERTS hired JHK, a Korean national, to work at The Blue Moon. On or about December 13, 2011, JHK, traveled form Narita, Japan, to Portland, Oregon. JHK was not authorized for employment in the United States. JHK was thereafter employed at The Blue Moon.

All in violation of Title 18, United States Code, Sections 371 and 1546(a).

**Count 3**

**(Failure to File Factual Statement of Alien Employment)**

During December 2011, and continuing through on or about January 11, 2012, within the Western District of Washington, and elsewhere, CHANG YOUNG KIM and YEUN JEON MUN did keep, maintain, control, support, and harbor in any house and place, Korean national women, for the purpose of prostitution and for any other immoral purpose, knowing and in reckless disregard of the fact that the Korean national women were aliens; and did fail to file with the Director of Immigration and Customs Enforcement (formerly the Commissioner of Immigration and Naturalization Service), within five business days of commencing the keeping, maintaining, controlling, supporting, and harboring of such Korean national women, a statement in writing setting forth for each such Korean national the following information: name, age, nationality and parentage, location where she is kept, and all facts concerning the individual's preparation for entry and entry into the United States.

All in violation of Title 18, United States Code, Sections 2424(a) and 2.



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

**Count 4**

**(Conspiracy to Transport, Harbor, and Induce Illegal Aliens)**

Beginning in or before 2009, and continuing through on or about January 11, 2012, within the Western District of Washington and elsewhere, CHANG YOUNG KIM, YEUN JEONG MUN, MIYOUNG ROBERTS, JUNG SAN SO, HEE JAE CHO, RAYMOND JUNG, and others known and unknown, did knowingly and intentionally conspire to commit the following offenses, in violation of Title 8, United States Code, Section 1324:

a. Transporting and moving aliens within the United States, in knowing and reckless disregard of the fact that the aliens had come to, entered, and remained in the United States in violation of law (8 U.S.C. §1324(a)(1)(A)(ii));

b. Harboring and shielding from detection and attempting to conceal, harbor, and shield from detection, in any place, including any building or any means of transportation, any aliens, with knowledge and in reckless disregard of the fact that the aliens had come to, entered, and remained in the United States in violation of law (8 U.S.C. §1324(a)(1)(A)(iii); and,

c. Encouraging and inducing any alien to come to, enter, and reside in the United States, with knowledge and in reckless disregard of the fact that the coming to, entry, and residence is and will be in violation of law (8 U.S.C. §1324(a)(1)(A)(iv).

The Grand Jury further alleges that the offense was done for the purpose of private financial gain.

Overt Acts in Furtherance of the Conspiracy

In furtherance of the conspiracy, one or more of the conspirators committed one or more of the following overt acts, among others, in the Western District of Washington:

1. During 2010, HEE JAE CHO, YEUN JEONG MUN, and MIYOUNG ROBERTS maintained a residence at 3808 South 335th Place, Federal Way, Washington, for the purpose of concealing women of Korean nationality who were not authorized to work in the United States.

2. During December 2010, CHANG YOUNG KIM and YEUN JEONG MUN directed certain Korean women employees to use the home address of 2208 Nevada Court, Milton, Washington, as the employees' residence address while "visiting" the United



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

States, when in fact, none of these employees resided at the Milton house.

3. During November 2011, and continuing through January 11, 2012, CHANG YOUNG KIM, YEUN JEON MUN, MIYOUNG ROBERTS, RAYMOND JUNG, and other co-conspirators maintained a residence at 2405 Star Lake Road, Apartment 63-301, Federal Way, Washington, for the purpose of concealing women of Korean nationality who were not authorized to work in the United States.

4. In November 2011, RAYMOND JUNG leased an apartment residence at 2405 Star Lake Road, Apartment 63-301, Federal Way, Washington, for The Blue Moon employees to reside. JUNG lied to the apartment manager and claimed that his girlfriend would be residing at this apartment.

5. During December 2011, and continuing through January 11, 2012, CHANG YOUNG KIM, YEUN JEON MUN, MIYOUNG ROBERTS, RAYMOND JUNG, and other co-conspirators maintained a residence at 30823 18th Avenue South, Apartment C-302, Federal Way, Washington. Women of Korean nationality who were employed at The Blue Moon reside in this apartment.

6. In December 2011, RAYMOND JUNG leased an apartment residence at 30823 18th Avenue South, Apartment C-302, Federal Way, Washington, for The Blue Moon employees to reside.

7. On December 3, 2011, MIYOUNG ROBERTS encouraged and induced HJK, a Korean national, to travel from Hawaii to Washington, for employment at The Blue Moon. HJK does not have authorization to remain in and work in the United States.

8. On or about December 13, 2011, JUNG SAN SO transported JHK, a Korean national, from Portland, Oregon, to Federal Way, Washington, for the purpose of JHK's employment at The Blue Moon.

All in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii), 1324(a)(1)(A)(iii), 1324(a)(1)(A)(v)(I), and 1324(a)(1)(B)(i).



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

**COUNT 5**

**(Conspiracy to Engage in Money Laundering)**

During 2009, and continuing through January 11, 2012, within the Western District of Washington, and elsewhere, CHANG YOUNG KIM, YEUN JEONG MUN, MIYOUNG ROBERTS, JUNG SAN SO, and other persons, known and unknown, unlawfully and knowingly combined, conspired, confederated and agreed together and with each other, to commit certain offenses under Title 18, United States Code, Section 1956, that is, conducting or attempting to conduct financial transactions affecting interstate commerce which in fact involved the proceeds of specified unlawful activity, namely, conspiracy to transport individuals in furtherance of prostitution, in violation of Title 18, United States Code, Sections 371, 2421, and 2422(a); conspiracy to engage in immigration fraud, in violation of Title 18, United States Code, Section 1546; conspiracy to transport, harbor, and induce aliens, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I), knowing that the property involved in the financial transactions represents the proceeds of some form of unlawful activity,

(a) with intent to engage in conduct constituting a violation of sections 7201 and 7206 of the Internal Revenue Code of 1986, and,

(b) with knowledge that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity.

All in violation of Title 18, United States Code, Section 1956(h).

**COUNTS 6 - 11**

**(Bribery Involving a Federal Program Funded Agency)**

A. Federal Program Funded Agency

1. The Washington State Liquor Control Board (WSLCB) is an administrative agency of the State of Washington.

2. The Enforcement and Education Division of the WSLCB is responsible for enforcing State alcohol and tobacco laws. Liquor Control Board Enforcement Officers



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

have limited-authority law enforcement powers to enforce State alcohol laws. Officers are responsible for conducting compliance checks with businesses serving alcohol to ensure compliance with State alcohol laws.

3. The WSLCB is a State government agency which received federal assistance in excess of $10,000 during the twelve months preceding July 10, 2010, and has since continued to receive federal assistance since that date.

4. At all times relevant in this Indictment, WSLCB Undercover Officer, as referenced below, was an agent of the WSLCB and a sworn WSLCB Officer.

B. Manner and Means of Scheme

5. The grand jury realleges the Manner and Means paragraphs contained in Count 1 in this Indictment as though fully set forth herein.

6. It was part of the scheme for CHANG YOUNG KIM to offer and pay cash funds to the Undercover Officer in exchange for the Undercover Officer alerting CHANG YOUNG KIM of imminent site inspections by the WSLCB and Federal Way Police Department.

7. It was further part of the scheme for CHANG YOUNG KIM to offer and pay cash funds to the Undercover Officer in an effort to bribe immigration officials to allow women of Korean nationality to enter the United States.

C. The Offenses

On or about the dates listed below, within the Western District of Washington, and elsewhere, CHANG YOUNG KIM, did corruptly give, offer, and agree to give to an Officer with the Washington State Liquor Control Board (hereinafter referred to as Undercover Officer), things of value to include thousands of dollars of cash, in the amounts stated below in each corresponding Count, with intent to influence and reward the Undercover Officer in connection with a business, transaction, and series of transactions of the Washington State Liquor Control Board valued at more than $5,000.



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

| Count | Date | Amount of Cash |
|---|---|---|
| 6 | July 20, 2010 | $5,000.00 |
| 7 | July 21, 2010 | $2,000.00 |
| 8 | October 1, 2010 | $2,000.00 |
| 9 | December 20, 2010 | $3,000.00 |
| 10 | January 14, 2011 | $1,000.00 |
| 11 | April 1, 2011 | $2,000.00 |

All in violation of Title 18, United States Code, Section 666(a)(2).

**COUNT 12**

**(Immigration Fraud - Attempt)**

During November and December 2011, within the Western District of Washington, and elsewhere, MIYOUNG ROBERTS and KWANG FRANK LEE did knowingly attempt to obtain and receive an alien registration receipt card and other documents prescribed by statute and regulation as evidence of authorized stay in the United States, for HK, a national of Korea, knowing that the obtaining and receipt of an alien registration card and other authorized documents for HK would have been procured by means of any false claim and statement and would have otherwise been procured by fraud and unlawfully obtained; and MIYOUNG ROBERTS and KWANG FRANK LEE did aid and abet each other in doing so.

All in violation of Title 18, United States Code, Sections 1546(a) and 2.

**CRIMINAL FORFEITURE**

A. Conspiracy to Transport Individuals in Furtherance of Prostitution

Pursuant to Title 18, United States Code, Section 2428(a), Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), the grand jury alleges that upon conviction of the offense charged in Count 1, CHANG YOUNG KIM, YEUN JEONG MUN, MIYOUNG ROBERTS, JUNG SAN SO, SUNG HEE HAN, and HEE JAE CHO, shall forfeit to the United States of America such person's interest in any property, real or personal, that was used or intended to be used to commit or to



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

facilitate the commission of such violation; and any property, real or personal, constituting or derived from any proceeds that such person obtained, directly or indirectly, as a result of such violation.

B. Conspiracy to Commit Immigration Fraud

Pursuant to Title 18, United States Code, Section 982(a)(6), the grand jury alleges that upon conviction of the offenses charged in Counts 2 and 12, CHANG YOUNG KIM, YEUN JEONG MUN, MIYOUNG ROBERTS, KWANG FRANK LEE, shall forfeit to the United States of America, any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offenses; and any property, real or personal that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offenses, or that was used to facilitate, or was intended to be used to facilitate, the commission of the offenses.

C. Conspiracy to Engage in Money Laundering

Pursuant to Title 18, United States Code, Section 982(a)(1), the grand jury alleges that upon conviction of the offense charged in Count 5, CHANG YOUNG KIM, YEUN JEONG MUN, MIYOUNG ROBERTS, JUNG SAN SO, shall forfeit to the United States, any property, real or personal, involved in such offense, and any property traceable to such property.

D. Conspiracy to Transport, Harbor and Entice Aliens

Pursuant to Title 8, United States Code, Section 1324(b) and Title 18, United States Code, Sections 981 and 982(6)(A), the grand jury alleges that upon conviction of the offense charged in Count 4, CHANG YOUNG KIM, YEUN JEONG MUN, MIYOUNG ROBERTS, HEE JAE CHO, JUNG SAN SO, and RAYMOND JUNG, shall forfeit to the United States his interest in any property, real or personal, constituting, or derived from, the gross proceeds they obtained, directly or indirectly, as the result of the offenses charged above, any other conveyance, including any vessel, vehicle or aircraft, used in the commission of such offenses, and any property, real or personal, that constitutes, is derived from, or is traceable to the proceeds obtained, directly or indirectly, from the



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

commission of such offenses, or that is used to facilitate or intended to be used to facilitate, the commission of such offenses, and any property traceable thereto.

E. Assets to Subject to Criminal Forfeiture

The property to be forfeited includes, but is not limited to, the following:

1. The business known as The Blue Moon, located at 31140 Pacific Highway South, #B, Federal Way, Washington;

2. Bank account number 907125280, held in the name of Miyoung Roberts, at Chase Bank;

3. Bank account number 33591520, held in the name of Miyoung Roberts, at Bank of America;

4. Bank account number 0750005803, held in the name of Royal Realty Investments, Inc., at PI Bank;

5. A 2008 black Lexus LS 460 sedan (WA 477-YOR), with VIN: JTHGL46F385031152;

6. A 2004 silver Lexus LX 470 SUV (WA 861-TJS), with VIN: JTJHT00W743539473;

7. A 2009 gray Toyota Camry (WA 899-YPF), with VIN: 4T1BE46K09U338137; and,

8. A 2008 gray Toyota Camry (WA 598-XLK), with VIN: 4T4BE46K48R030991.

F. Substitute Assets

If any forfeitable property, as a result of any act or omission of any defendant, cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the Court, has been substantially diminished in value, or has been commingled with other property which



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek the forfeiture of any property of the Defendants listed above up to the value of the forfeitable properties.

A TRUE BILL

DATED: 1/11/2012

Signature of Foreperson redacted pursuant to the policy of the Judicial Conference of the United States.

FOREPERSON

JENNY A. DURKAN
UNITED STATES ATTORNEY

TODD GREENBERG
ASSISTANT UNITED STATES ATTORNEY

YE-TING WOO
ASSISTANT UNITED STATES ATTORNEY



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970